|   |   |
|---|---|
|   | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE |

| WENDY L. HUTZLER, | CASE NO. C11-5672-RSM |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) |
| v. |  |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, |  |
| Defendant. |  |

This matter comes before the Court on Plaintiff's Motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #16.

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the

discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorneys' fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

This Motion is timely. Furthermore, upon review of the Motion and the record, the Court determines that Plaintiff is the prevailing party and the Government's position was not substantially justified. Furthermore, Plaintiff filed an Amended Motion for Attorney Fees on December 30, 2024, only to add that "[t]he Commissioner's attorney . . . notified [Plaintiff's attorney] that he has no objection to this motion, so this is now an unopposed motion." Dkt. #19. Even without this, the Court may consider a party's failure to file opposition as an admission that the motion has merit. *See* Local Civil Rule 7(b)(2). The Court concludes that Plaintiff's requested EAJA fees in the amount of $7,152.40 and expenses in the amount of $23.75, a total sum of $7,176.15, are reasonable.

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion, Dkt. #16, is GRANTED. The Court awards Plaintiff fees in the amount of $7,176.15 to be paid by Defendant, subject to verification that Plaintiff does not have a debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no debt, payment of this award shall be sent to Plaintiff's attorney, Eitan Kassel Yanich, either by direct deposit or by check payable to him and mailed to his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

DATED this 7th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE